# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

LORENZO DAVIS, :
:
    Plaintiff, :
:
: Civil Action No.
: 7:10-cv-133 (HL)
v. :
:
SOUTHERN STATES COOPERATIVE, :
INC., :
:
    Defendant. :
_____ :

## ORDER

Before the Court is the Defendant's motion to dismiss (Doc. 3). The Plaintiff's complaint alleges that the Plaintiff was wrongfully terminated on October 15, 2004, due to race discrimination and in retaliation for voicing his opposition to being referred to by his employer in a racially derogatory manner. The Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; and 42 U.S.C. § 1983.

The basis of the motion to dismiss is that the Plaintiff's complaint fails to state a claim upon which relief may be granted as required by Federal Rules of Civil Procedure Rules 8 and 12(b)(6). In his response brief to the motion to dismiss, the Plaintiff concedes that his Title VII claim is time barred and that his § 1983 claim fails for lack of state action. The only contested issue remaining is whether the Plaintiff's § 1981 wrongful termination claims are barred by the applicable statute of limitations.

## I. MOTION TO DISMISS STANDARD

The general rule in federal court is that a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To resolve a motion to dismiss, the district court "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940-41, 173 L.Ed.2d 868 (2009). Then, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plausible claim for relief is one that creates more than a suspicion of entitlement to relief. Twombly, 500 U.S. at 555 (citing 5 C. Wright & A Miller, Federal Practice and Procedure, 1216, pp. 235-236 (3d ed.2004)).

A court may dismiss a complaint on a dispositive issue of law, regardless of the facts. See Marshall Cnty. Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993). A statute of limitations bar is an affirmative defense. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.2004). Plaintiffs are not required to negate it in their complaint. Id. If, however, "it is apparent from the face

of the complaint that the claim is time-barred," Rule 12(b)(6) dismissal is appropriate. Id. (internal citations omitted).

## II. THE STATUTE OF LIMITATIONS BARS THE PLAINTIFF'S § 1981 CLAIMS

The Plaintiff argues that a twenty-year statute of limitations applies to his § 1981 claims. The Defendant argues that a four-year statute of limitations governs the Plaintiff's § 1981 claims and because the Plaintiff waited six years to file his complaint, then his case must be dismissed. A review of the complaint establishes that all § 1981 claims made by the Plaintiff must be dismissed because the statute of limitations expired before the Plaintiff brought suit.

Section 1981 states that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts." 42 U.S.C. § 1981(a). In 1991, Congress amended § 1981 to cover employment termination claims based on racial discrimination and retaliation. This statutory expansion meant that certain employer conduct, such as wrongful discharge, which did not constitute a violation of the original § 1981, was now actionable. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 372, 124 S.Ct. 1836, 1839-40, 158 L.Ed.2d 645 (2004).

Just prior to amending § 1981, Congress passed 28 U.S.C. § 1658 which provided a catchall four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. Palmer v. Stewart Cnty. Sch. Dist., 178 Fed. App'x 999, 1002-03 (11th Cir. 2006).

Section 1981 does not have a statute of limitations provision. The Supreme

3

Court held in Jones that § 1981 claims made possible by the 1991 amendment to the statute are governed by the four-year federal catch all statute of limitations found in § 1658. Jones, 541 U.S. 369 at 382, 124 S. Ct. at 1845.

In this case, the Plaintiff's § 1981 claims assert that he was wrongfully terminated from his employment by the Defendant. His claims are actionable under § 1981 only because Congress amended the statute in 1991. The four-year catch all statute of limitations therefore applies.

The Plaintiff's termination occurred in 2004. This lawsuit was filed in 2010, six years after the cause of action arose. Accordingly, the Plaintiff's § 1981 claims are barred by the four-year statute of limitations.

The Defendant's motion to dismiss is granted. The clerk's office is directed to close the case.

**SO ORDERED**, this the 1st day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc